CLAUDE BAGGERLY V. THE STATE.

No. 3998. Decided May 5, 1909.

1.—Murder—Charge of Court—Self-Defense.

Where upon trial for murder there was evidence of self-defense and the court fully charged upon said issue there was no error in refusing to submit defendant's charge on the same phase of the case.

2.—Same—Charge of Court—Requested Charges.

Where the main charge of the Court covered the issue of the special requested charges there was no error in refusing the latter.

Appeal from the District Court of Burleson. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of manslaughter; penalty, two years confinement in the penitentiary.

The opinion states the case.

*W. W. Searcy, Bowers & Garrett,* for appellant.—On question as to whether death was due to wound inflicted: Noble v. State, 54 Texas Crim. Rep., 436; 113 S. W. Rep., 281; Morgan v. State, 16 Texas Crim. App., 593. On question of court's charge: Wilson v. State, 46 Texas Crim. Rep., 523; 81 S. W. Rep., 34.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a period of two years.

The first ground of the motion for a new trial complains that the court erred in failing to give the following special charge to the jury: "If the jury believe from the evidence that, at the time the defendant cut the deceased, Tom Oldham, that Tom Oldham had made an assault upon the defendant, and that the defendant believed, on account of previous treatment given to him and his brother by the deceased, if any had been shown, that the deceased was about to inflict upon him

serious bodily injury, then you are instructed that the defendant had the right to cut the deceased in the manner in which he was cut, and in this connection you are instructed that if the defendant believed that the deceased was going after a stick when he turned from him, for the purpose of striking and injuring the defendant, then the defendant would have the right to follow the deceased up in order to prevent him from getting said stick and doing him serious bodily injury, and you are further instructed in this connection, if the deceased stooped over to get a stick, as described by the witnesses, and the defendant had reason to believe, and did believe, that the deceased intended to strike him with the stick and do him serious bodily injury, then you are instructed that the defendant had the right to cut the deceased, and if you so believe you will return a verdict of not guilty, and in this connection you are instructed that you must view everything from the defendant's standpoint at the time of the cutting, taking into consideration previous indignities and insults, if any, offered by the deceased to the defendant." In reference to the issues suggested by appellant in his motion for a new trial, the court charged the jury as follows: "If you believe from the evidence that the defendant, Claude Baggerly, did, with a knife, cut the said Tom Oldham, and you further believe from the evidence that, at the time of the said cutting, the said Tom Oldham was in the act of cutting the brother of the defendant, or doing him serious bodily injury, and that he interfered for the protection of his brother, and for such purpose cut the said Tom Oldham; or if you believe from the evidence that, by some act then done toward the defendant by the said Tom Oldham, if any, the defendant believed that he was in danger of death or serious bodily injury at the hands of the said Tom Oldham, then he would have had the right to cut the said Tom Oldham, and would not have been required to retreat in order to avoid the necessity, or apparent necessity, of cutting the said Tom Oldham, and in said case he would have had the right to continue cutting as long as such danger, if any, existed, or appeared to him to exist, and if you so believe you will acquit the defendant; and in passing upon this question you must view the matter from the defendant's standpoint at the time as it appeared to him. The right of self-defense exists as long as there is danger or apparent danger, and the right of self-defense ceases when such danger or apparent danger ceases, viewed by you from the defendant's standpoint as it appeared to him at the time." This charge is a full and explicit charge upon appellant's theory of defense, as suggested in motion for a new trial, and certainly is as favorable to appellant as the law of this State would authorize.

Appellant's second ground of the motion complains, in substance, of the same matter as the first ground.

Appellant's third ground of the motion complains that the court erred in failing to give the following charge: "If you believe from the evidence that the deceased was in a row with Alonzo Baggerly, brother

of the defendant, and was committing an assault upon him, then you are instructed that the defendant had the lawful right to interfere for the protection of his brother." This charge was covered by the main charge.

The fourth ground of appellant's motion for a new trial complains that the court erred in failing to gi e the following special charge: "If the jury had a reasonable doubt as to whether or not the deceased died from the effects of wounds inflicted o him by the defend nt, or from some other sickness or cause, not produce by said wounds, you are instructed that you can not find the defendant guilty of any degree of homicide, and you will find him not guilty." This question was thoroughly covered by the court's main charge.

Appellant further complains that the court erred in failing to tell the jury what constituted a deadly weapon. This criticism is not correct. The charge defines a deadly weapon.

The evidence in this case supports the verdict, and, finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*